Manly, J.
 

 The first point raised upon the record of the trial in the Superior Court, is the admissibility of the plaintiff’s declarations. It is stated the declarations were made while she was in possession of the property in question, and were offered to prove her title and to contradict the witnesses
 
 *577
 
 of the defendant. "We agree with the Court below that they were not admissible for either of these purposes.
 

 Declarations from any source, as a general rule, are not admissible. Declarations from a party stand on no better footing than those of an indifferent person, except when offered by an adversary. An exception to this general rule is,, when an act of possession becomes-material and p-rop-er to be proved, what the person says explanatory of his possession, as for instance, whether such possession be in his own right,, or as the tenant or agent of another, is admissible-. It is admitted as a part of the act to give proper significanee-to.it, and for no-other purpose or reason. This exception will net jnstify the evidence offered, which was to prove by the declarations of the party in posession, her title to .the property, and to contradict the witnesses of the opposite party. This would be introducing the party as a witness, at large, under shelter of explaining a possession, and might he resorted to by most litigants in the same way to get their testimony before the jury. The declaration of a party in possession is usually resorted to to rebut the common presumption of property in the possessor, and to show that the latter was a tenant or agent. If he claim, in his own right, no declaration of his can rightfully be used to prove more than the presumption arising from possession, and if that be a party’s position,, it would seem that bis declaration cannot be used for any legitimate object. However that may be, we are of opinion the declarations of the plaintiff are inadmissible to prove title to the property trespassed upon, or to contradict the witnesses of the defendants.
 

 With respect to- the specific instruction asked for, it will be seen by reference to the testimony, that there was no evidence to prove a transfer of title of any kind from Eli Swindell or from Fields to plaintiff, except the testimony of Swindell, and the jury were told by the Judge, in his charge to- them, that if Swindell were believed, the plaintiff was entitled to recover. This seems to embrace the special instructions asked for, and we suppose was so regarded by the plaintiff’s counsel at the time, for he expressed himself satisfied.
 

 
 *578
 
 The Court’s charge
 
 raises
 
 another point, which has been debated before us, and that is, whether there was evidence proper to be left to the jury as to the official character of Reeves, the constable. The plaintiff’s right of recovery by virtue of her possession, alone, was made to depend upon the want of property in Eli Swindell. This, of course, involves an enquiry into the right of the defendants to interfere with the property of Swindell while in plaintiff’s custody, and this again depends upon the official authority of Reeves. Thus, it is seen how the point arises. We concur with the Court below, that there was evidence upon this point. He had a
 
 fi. fa.
 
 of the creditor, Warden, in his hands. He acted on that occasion as constable, by seizing the property and selling it, and added to this, is the recognition of him, as an officer, in a conversation between Swindell and Fields on the Yirginia line. These matters constituted evidence upon the point in controversy, and we suppose they were properly left to the jury in the absence of exception alleging the contrary.
 

 The point made upon the record is, that there was
 
 no evi
 
 dence, and this, we think, was against the appellant, and in conformity with the opinion of the Court. It was only necessary for the defendant to show, as against the plaintiff, that Reeves was an officer
 
 de
 
 facto, and the evidence, was, certainly, pertinent to that point; whether sufficient to establish it, is unnecessary to say.
 

 It is conceded that the law upon the subject of officers
 
 de jwe
 
 and
 
 de facto
 
 has fluctuated in North Carolina, and, at one time, was considered somewhat uncertain, but since the case of
 
 Burke
 
 v. Elliott, 4 Ire. Rep. 355, it is, we think, settled that the acts of an officer,
 
 de
 
 facto, are valid so'far as the rights of third persons, or the public are concerned.
 

 This principle should be considered as settled, for the affairs of men could hardly be carried on, without it. Until by a
 
 quo warranto
 
 or other proceeding-, the right be directly tested, and the office]- put out, the acts of one in the place, and performing the functions of the officer, are valid.
 

 
 *579
 
 The Court is of opinion there is no error in the 'judgment below, and it should, therefore, be affirmed. ^
 

 Per Curiam,
 

 Judgment affirmed.